Yongda Harris
PO Box 7
Allston, MA 02134
(857) 615-9657
yoharris@gmail.com
Plaintiff In Pro Per



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yongda Harris,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>　　　　Defendant(s) | Case No.: 2:16-cv-06169-CAS<br><br>OBJECTION TO IN CAMERA PROCEEDING AND MOTION FOR PRELIMINARY INJUNCTION TO ORDER GOVERNMENT TO REVEAL ITS CRIMINAL CHARGES & INVESTIGATION AGAINST PLAINTIFF |

Plaintiff received the Court document ordering the Government to disclose the nature of the new charges in camera by June 17, 2019. Plaintiff makes a formal objection to the in camera nature of the Government's In Chambers briefing to the Court as highly inappropriate and a violation of Plaintiff's Due Process rights.

*"PROCEDURAL DUE PROCESS—CRIMINAL*
*Generally: The Principle of Fundamental Fairness*

*The Court has held that practically all the criminal procedural guarantees of the Bill of Rights—the Fourth, Fifth, Sixth, and <u>Eighth Amendments</u>—are fundamental to state criminal justice systems and that the absence of one or the other particular guarantees denies a suspect or a defendant due process of law under the <u>Fourteenth Amendment</u>. In addition, the Court has held that the Due Process Clause protects against practices and policies that violate precepts of*

---

DOCUMENT NAME (e.g., COMPLAINT FOR DAMAGES) - 1

*fundamental fairness, even if they do not violate specific guarantees of the Bill of Rights. The standard query in such cases is whether the challenged practice or policy violates "a fundamental principle of liberty and justice which inheres in the very idea of a free government and is the inalienable right of a citizen of such government."*

*This inquiry contains a historical component, as "recent cases . . . have proceeded upon the valid assumption that state criminal processes are not imaginary and theoretical schemes but actual systems bearing virtually every characteristic of the common-law system that has been developing contemporaneously in England and in this country. The question thus is whether given this kind of system a particular procedure is fundamental—whether, that is, a procedure is necessary to an Anglo-American regime of ordered liberty. . . . [Therefore, the limitations imposed by the Court on the states are] not necessarily fundamental to fairness in every criminal system that might be imagined but [are] fundamental in the context of the criminal processes maintained by the American States."*

**The Elements of Due Process**
**Initiation of the Prosecution.**

*Indictment by a grand jury is not a requirement of due process; a state may proceed instead by information. Due process does require that, whatever the procedure, a defendant must be given adequate notice of the offense charged against him and for which he is to be tried, even aside from the notice requirements of the <u>Sixth Amendment</u>. Where, of course, a grand jury is used, it must be fairly constituted and free from prejudicial influences."*

Plaintiff notes to the Court first that his fundamental Constitutional Due Process rights are violated when the Government announces they will provide the Court a reason in secret from Plaintiff as to why they continue to illegally hold onto Plaintiff and Plaintiff's family's personal legal property and the reason the Government provides the Court is frivolous on its face.

"*Due process does require that, whatever the procedure, a defendant must be given adequate notice of the offense charged against him and for which he is to be tried*" (Musser v. Utah, 333 U.S. 95, 97 (1948). "The vagueness may be from uncertainty in regard to persons within the scope of the act . . . or in regard to the applicable tests to ascertain guilt." Id. at 97. **"Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent**

**by not providing fair warnings. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications." Grayned v. City of Rockford**, 408 U.S. 104, 108-09 (1972), *quoted in* Village of Hoffman Estates v. The Flipside, 455 U.S. 489, 498 (1982).)

As the Court is well aware, the Government has held onto this property since Oct 2, 2012 up to the present day, the Government initially claimed it would return specific items back to Plaintiff in 2013 with his then Attorney Matthew Lombard informing him via communication with the Government agent holding custody of Plaintiff's property. The agent subsequently refused all reasonable attempts to return the lawful property despite returning a few items back (See Exhibit 1). The Government had wildly abused its power and discretion and to come up with the excuse of "investigating new potential criminal charges" after this much time passed and in contradiction of their prior statements and prior investigations flies in the face of reason and logic. The US Attorney in Boston District Court even mentioned in open court several years back that he "wasn't sure if the property in question was destroyed or missing."

It is noted to the Court the Government abused Mr. Harris' Constitutional rights from the moment of his arrest, denying him an attorney when he requested one, threatening him with death, bodily injury and sexual harm, committing violent physical sexual assault on his person while in custody, preventing him from accessing counsel while in custody, terrorizing his mother and potential witnesses intimidating them from assisting his defense. In addition, Mr. Harris has evidence and good cause to believe the Government received unauthorized disclosures from his defense attorney Jerod Gunsberg and Michael Rosenstein on client confidential communications

and used that information to harm Defendant in violation of his right to an attorney. The Court needs to hold a special session to investigate and deliver the appropriate sanctions for this egregious and atrocious prosecutorial misconduct and willful violation of Mr. Harris' Constitutional Rights over a multi-year period.

Mr. Harris also reports he never received a copy of Government's motion to oppose his return of property in violation of Local Rules 7-3 through 7-8. Mr. Harris being Pro Se may not be aware of any exceptions to the Local Rules but even if such exception existed it is an effective annihilation of his Due Process rights to be able to in any way, shape or form successfully oppose the Government's objection. This destroys the heart of the Judicial system that forms the basis of the Court's legitimacy: namely its ability to allow opposing parties to challenge each other on the merits of the evidence or in the Government's case the lack thereof. It is also monumentally unfair to a Pro Se petitioner to the Court who continues to suffer extreme medical and mental hardship from his torture at the hands of the Government. The Court should be aware of the mental and legal disabilities put onto Mr. Harris by the Government's actions and that he requests the Court make effort to safeguard and protect his Constitutional Rights as an American citizen.

Mr. Harris requests the Court accept this Motion for the Preliminary injunction and share with Plaintiff in full the "briefing of the potential new charges" and any other "reasons" and/or "evidence" the Government will provide the Court to deny him and his family the return of their lawful property. It is noted to the Court the property consisting of school books, laptop computer, Chinese ornaments and family heirlooms, medical X-rays, legal documentation, and other private possessions are all broadly included in what the Government claims is its "new" criminal investigation from the reading by the Plaintiff of the Court document sent him. The Court should consider the motives both personal and professional the US Attorney's office may have to obstruct

and prevent the lawful return of Mr. Harris' personal and family property. The Government agents may have concerns they would face ethical and/or legal repercussions for their illegal and unethical misconduct over the past 6 years. The very fact the Government is insisting on an in camera briefing to the Court for the unspecified and mysterious new charges they just came up with after 6 years of supposed non-investigation is highly suspicious and can create a public perception of a coverup of official misconduct.

Lastly the Court is requested to consider the societal implications of a breakdown of public trust in the integrity of the Government. Our country exists on a foundation of democracy, rule of law, and respect for human rights. Mr. Harris' ordeal had torn all three of those principles to shreds, destroyed his reputation, his livelihood, took over 6 years of his life, and most horrific of all left his family in tatters with his mother developing a stroke and medical injury from the Government's relentless McCarthyite persecution of Mr. Harris despite him not committing any crime whatsoever. It is stunning that individuals invested with high offices of such power and authority can behave in the most criminal and abusive of ways and continue to obstinately persecute an innocent man with trumped up BS charges that have no basis in fact or law. The least the Court can do is provide an element of checks and balances to this overwhelming abuse of State power. Once society loses its trust in the integrity of the Government and the legal system it will lead to the disintegration of what a democracy and the Bill of Rights was supposed to mean.

Dated this 12nd day of JUNE, 2019

YONGDA HARRIS
Plaintiff in Pro Per

DOCUMENT NAME (e.g., COMPLAINT FOR DAMAGES) - 5



