NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-2927
    E-mail:  william.rollins@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONGDA HARRIS,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. CV 16-6169-CAS<br><br>GOVERNMENT'S RESPONSE TO PETITIONER'S OBJECTION TO IN CAMERA PROCEEDING AND MOTION REGARDING "EXHIBIT 1" |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

On June 17, 2019, Petitioner Yongda Harris ("petitioner") filed (1) an "objection" to the Court's order requiring the government to submit an in camera brief about the potential charges it is exploring against petitioner (Dkt. 28); and (2) a motion that attaches certain email exchanges regarding petitioner's property (Dkt. 29).  In his filings, petitioner argues that the government's in camera submission violates his due process rights, and he asks that the Court order the government to share the basis for any potential new charges against him "in full[.]"  (Dkt. 28 at 4.)  Petitioner also contends that the government previously claimed it would return specific items to him, but "subsequently refused all reasonable attempts to return the lawful property despite returning a few items back[.]"  (Dkt. 28 at 3.)

As explained below, because the law permits the use of ex parte, in camera proceedings during the investigative phase of a criminal case – and because petitioner distorts the email exchanges regarding the return of his property – petitioner's latest requests should be denied.

**II.   Argument**

**a. The Court's In Camera Proceedings Are Lawful**

Contrary to petitioner's assertion that he is entitled to know the "full" basis for any potential charges against him now, the law allows for in camera, ex parte proceedings during the investigative phase of a criminal case.  A grand jury proceeding, for example, is not an adversary hearing in which the accused's guilt or innocence is adjudicated; rather, "it is an ex-parte investigation to determine

1

whether a crime has been committed and whether criminal proceedings should be instituted." United States v. Calandra, 414 U.S. 338, 343–44 (1974). Likewise, the Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 218 (1979); see also Fed. R. Crim. P. 6(e) (codifying grand jury secrecy requirements); United States v. Nix, 21 F.3d 347, 351 (9th Cir. 1994) ("The secrecy of grand jury proceedings is an integral part of our criminal justice system" (quotations omitted)).

There are "several distinct interests served by safeguarding the confidentiality of grand jury proceedings," Douglas Oil, 441 U.S. at 218–19:

> "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

United States v. Procter & Gamble Co., 356 U.S. 677, 682 n.6 (1958) (quotation omitted).

Here, because petitioner has not been formally charged with any new crimes and there has been no disclosure of potential grand jury proceedings (if any), a public adversarial hearing is neither appropriate nor necessary. See, e.g., In re Special Grand Jury (For Anchorage Alaska, 674 F.2d at 780-81 (9th Cir. 1992); United States

1  v. Kiser, 716 F.2d 1268, 1273 (9th Cir. 1983) (describing additional
2  "sensitive situations" in which the Ninth Circuit has authorized in
3  camera proceedings in criminal cases); In re Grand Jury Proceedings,
4  674 F.2d 309, 310 (4th Cir. 1982) (holding that district court's ex
5  parte, in camera hearings in criminal investigation did not violate
6  due process); In re Subpoena to Testify Before Grand Jury, 2015 WL
7  5359703, at *3 (N.D. Cal. Sept. 14, 2015) (district court found
8  "reasonable cause" to believe a crime occurred after in camera review
9  but declined to disclose "the basis of th[at] belief in light of the
10 sensitive nature of the government's ongoing investigation").

11 If charges are brought against petitioner at some point in the
12 future, petitioner will be entitled to the full protections of the
13 adversarial process afforded to him by the Constitution.  In the
14 meantime, however, this Court has properly authorized the use of in
15 camera submissions to protect investigations into potential criminal
16 conduct that may or may not ever be charged.

**b. Petitioner is Not Yet Entitled to the Property Seized at LAX**

In addition, the 2013 email exchanges attached to petitioner's recent brief do not establish that he is entitled to the return of his property. (Dkt. 29 at 4-8.) Despite petitioner's suggestion that the emails establish that the government unreasonably refused to return property that it had allegedly promised to return (Dkt. 28 at 3), the emails themselves make clear that, in fact, the government never agreed to return the property to petitioner unconditionally.[1]

---

[1] Petitioner claims that he never received a copy of the government's "motion to oppose his return of property," even though he refers to the content of the government's brief in his own filing. (Dkt. 28 at 4.)  Government counsel believes that both the original opposition to petitioner's motion (Dkt. 15) and the supplemental

3

1    Rather, the email from government counsel expressly states that
2    "DHS declines to return the items" pursuant to the plea agreement,
3    other than "the laptop and the passport[.]" (Dkt. 29 at 4.) That
4    same email states that petitioner's laptop "contains material that
5    [petitioner] is not permitted to possess under the terms of his
6    supervision, so that material will need to be eradicated from the
7    hard drive before it is returned." (Id.) A federal agent previously
8    assigned to the case similarly wrote that "HSI-LA declines to return
9    items" 1 through 86, but the agent offered to consider particularized
10   requests on an "individual basis after the appeals process has been
11   resolved"; the agent also referred petitioner's counsel to a
12   different federal agent in Boston to "coordinate the return of the
13   laptop and any items belonging to [petitioner's] mother[.]" (Dkt. 29
14   at 5.) Moreover, petitioner does not explain what specific requests
15   (if any) he or his counsel later made regarding the laptop (let alone
16   whether he agreed to eradicate certain files stored thereon) or any
17   other property after receiving these emails in 2013.[2]

18   In short, as explained more fully in the government's prior
19   briefs "the government's need for the property as evidence
20   continues," and petitioner's latest requests should be denied.
21   United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.
22   1991).

---

brief (Dkt. 25) were served on petitioner by U.S. mail at his address of record at the time of the filings; nevertheless, the government will send petitioner additional copies of these prior briefs.

[2] Petitioner once again asserts that he has been physically and mentally harmed by the government (and possibly by his prior defense attorneys). (Dkt. 28 at 3.) As previously explained, many of these claims against the government are barred by sovereign immunity and would, in any event, need to be pursued by way of a civil complaint. (Dkt. 25 n.1.)

4

**CERTIFICATE OF SERVICE**

I, **Susana Ybarra-Lopez**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**GOVERNMENT'S RESPONSE TO PETITIONER'S OBJECTION TO IN CAMERA PROCEEDING AND MOTION REGARDING "EXHIBIT 1"**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via Certified United States mail, addressed as follows:

**Yongda Huang Harris**
**REG NO 58047-112**
**PO Box 7**
**Alliston, MA 02134**

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ Electronic Mail as follows:

☐ By Federal Express, as follows:

at the last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on July 24, 2019 Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Susana Ybarra-Lopez*
Susana Ybarra-Lopez
Supervisory Legal Assistant